UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROGER GONZALEZ, <br><br> Plaintiff, <br><br> v. <br><br> FCA US LLC, TRACY CHRYSLER DODGE JEEP RAM, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: SACV 21-01059-CJC(KESx) <br><br> ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 16] |

## I. INTRODUCTION

In April 2021, Plaintiff Roger Gonzalez filed this action in Orange County Superior Court against Defendants FCA US LLC ("FCA"), Tracy Chrysler Dodge Jeep

Ram, and unnamed Does. (Dkt. 1-2 [Complaint].) Plaintiff alleges that Defendants sold him a Chrysler Pacifica that they knew was defective. (*Id.* ¶¶ 21–24.) Specifically, Plaintiff claims that the vehicle's transmission and power control module were defective, which caused the vehicle to unexpectedly shut off, stall, and lose power. (*Id.* ¶ 50.) Plaintiff brings claims for (1) violation of the Magnuson-Moss Warranty Act ("Magnuson-Moss Act"), (2) fraud by omission, and (3) negligent repair. (*Id.*) He seeks, among other remedies, actual damages, rescission of the purchase contract and restitution of all money expended, statutory penalties, and punitive damages. (*Id.* at 10–11.) Defendants removed the case in June 2021 and in July 2021, the Court dismissed Plaintiff's second claim for fraud. Now before the Court is Plaintiff's motion to remand the case to Orange County Superior Court. (Dkt. 16.) For the following reasons, Plaintiff's motion is **DENIED**.[1]

## II. DISCUSSION

A defendant may remove a civil action filed in state court to a federal district court when the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. The removal statute is strictly construed "against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quotations omitted).

For claims, like Plaintiff's, asserting violations of the Magnuson-Moss Act, a federal court may exercise jurisdiction only if "the amount in controversy exceeds

---

[1] Having read and considered Plaintiff's motion, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for August 16, 2021, at 1:30 p.m. is hereby vacated and off calendar.

$50,000." *Khachatryan v. BMW of N. Am., LLC*, 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021); 15 U.S.C. § 2310(d)(3). "When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. *Id*. "[I]f the complaint alleges damages in *excess* of the federal amount-in-controversy requirement, then the amount-in-controversy requirement is presumptively satisfied unless it appears to a legal certainty that the claim is actually for less than the jurisdictional minimum." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007).

"If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold." *Quinones v. FCA US LLC*, 2020 WL 4437482, at *1 (C.D. Cal. July 31, 2020) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart*, 574 U.S. at 87. But when "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id.*; *see Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (When one party "contests the truth of [the opposing party's] factual allegations, . . . the responding party must support her jurisdictional allegations with 'competent proof' . . . under the same evidentiary standard that governs in the summary judgment context."). "[T]he defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

Here, in the paragraph after Plaintiff's Complaint alleges his vehicle's defects and Defendants' failed repair attempts, Plaintiff alleges that he "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." (Complaint ¶ 13.)

Because this amount is alleged directly after allegations concerning the vehicle's defects and repairs and not in connection with the statutory damages that Plaintiff seeks, the Court concludes that this amount refers to Plaintiff's actual damages. *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. May 15, 2018) (finding that Plaintiff sought actual damages exceeding $25,000 when the complaint stated that "the amount in controversy" exceeded that amount).[2]  In Plaintiff's prayer for relief, he also seeks civil damages in an amount of two times his actual damages. (Complaint at 10.)  Thus, according to Plaintiff's Complaint, the amount in controversy is at least $75,000. *Bernstein*, 2018 WL 2210683, at *2; *McDonald v. BMW of N. Am., LLC*, 2017 WL 5843385, at *2 (S.D. Cal. Nov. 28, 2017); *Chism v. FCA US LLC*, 2020 WL 777300, at *2 (C.D. Cal. Feb. 18, 2020).

Furthermore, Plaintiff alleges that he is entitled to "rescission of the purchase contract and/or restitution of all monies expended," and the purchase contract was worth over $40,000.  (Dkt. 20-3.)  Accordingly, Plaintiff's statutory penalties would be over $80,000 and the total damages would be over $120,000.  *Galloway v. Volkswagen Grp. of Am., Inc.*, 2011 WL 685822, at *1 (C.D. Cal. Feb. 17, 2011) (explaining that if the contract were rescinded, Plaintiff could be entitled to twice the value of the contract or twice the value of the money paid on the contract).  Based on Plaintiff's own Complaint, the amount in controversy exceeds the Magnusson-Moss Act's $50,000 jurisdictional requirement.

//

//

---

[2] The Court notes that this type of damages allegation will not always be construed as referring only to actual damages.  For example, a similar allegation included after a discussion of statutory penalties could be construed as alleging the entire amount in controversy. *Feichtmann v. FCA US LLC*, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020) (finding it was unclear whether a similar allegation referred to actual damages only or the entire amount in controversy).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

DATED:    August 4, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE